Steven John Statzel v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-402-CR

STEVEN JOHN STATZEL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After his motion to suppress was denied, Appellant Steven John Statzel entered an open plea of guilty to, and was convicted of, driving while intoxicated ("DWI").  The trial court sentenced him to thirty-five days’ confinement in Tarrant County Jail and a $650 fine.  In his sole point, Appellant contends that the trial court erred by denying his motion to suppress because the stop was illegal.  Because we hold that the trial court properly denied Appellant’s motion, we affirm the trial court’s judgment.

In the evening hours of July 3, 2003, Officer Smith observed Appellant’s vehicle “swerve within the lane slightly.”  Officer Smith activated the camera in his car but did not turn on his emergency lights or attempt to stop Appellant’s vehicle.  After activating his turn signal, Appellant moved to the right shoulder of the road and stopped.  Officer Smith thought Appellant pulled onto the shoulder of the road because he overshot the turn onto Bonds Ranch Road.  Officer Smith pulled in behind Appellant’s vehicle and activated his emergency lights “to conduct an assist motorist stop.”  Officer Smith testified that he thought Appellant might be in need of assistance because it was late at night in a remote area.  Appellant then got out of his vehicle and walked behind it.  As Officer Smith approached Appellant, he noticed Appellant swaying and could smell alcohol on Appellant’s breath.  At that point, Officer Smith believed Appellant was a DWI suspect.  Officer Smith then called for assistance from the DWI Task Force.  After conducting field sobriety tests, Officer Smith arrested Appellant for DWI.

Appellant argues that Officer Smith stopped Appellant’s vehicle because Officer Smith was suspicious that Appellant was DWI.  He argues that there was no probable cause for the stop and that the reason for the stop was obviously not primarily for a community caretaker function because Officer Smith testified that he intended to follow the vehicle “until [he] thought for sure that it’s a possible DWI or [he] had probable cause to make a traffic stop.”

We employ a bifurcated standard of review, giving almost total deference to the trial court’s determinations of fact and applying a de novo standard to questions of law.
(footnote: 2)  The facts of this case are undisputed.  It is only the interpretation that distinguishes the State’s version from Appellant’s.
(footnote: 3)
 It is undisputed that Appellant pulled his vehicle over to the side of the road before Officer Smith did anything to signal him to pull over.  Indeed, Appellant pulled his vehicle over before Officer Smith believed he had a reason to detain the vehicle.  When Officer Smith approached Appellant, therefore, no detention had occurred.

It is well established that the Fourth Amendment is not implicated by every encounter between police officers and citizens.
(footnote: 4)  The Fourth Amendment is not triggered in this case because when Appellant pulled over to the side of the road, he was in no way restrained of his liberty.
(footnote: 5)  The interplay of facts shows a consensual encounter between Officer Smith and Appellant.  Appellant voluntarily pulled his vehicle to the side of the road before there was any show of authority by Officer Smith.  Officer Smith’s mere following of Appellant’s vehicle did not constitute a show of force.  Appellant voluntarily stopped his vehicle on the shoulder of the roadway.  The mere activation of the officer’s emergency lights after Appellant had pulled his car to the side of the road did not necessarily constitute a show of authority.
(footnote: 6)  This action is equally consistent with using the emergency lights as a safety device to warn oncoming traffic of the cars parked on the road’s shoulder.
(footnote: 7)
 Because the interaction between Appellant and Officer Smith was a consensual encounter until Officer Smith approached Appellant, saw that he was swaying, and smelled the strong odor of alcohol, the trial court correctly denied Appellant’s motion to suppress.  We therefore overrule Appellant’s sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 30, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).

3:
The court has been assisted by unusually good briefs from both Appellant and the State.

4:
Florida v. Bostic
, 501 U.S. 429, 434, 111 S. Ct. 2382, 2386 (1991).

5:
See Terry v. Ohio
, 392 U.S. 1, 20 & n.16, 88 S. Ct. 1868, 1879 & n.16 (1968).

6:
See Martin v. State
, 104 S.W.3d 298, 301 (Tex. App.—El Paso 2003, no pet.).

7:
See id.